UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAIDA M. BROWN, | Case No. 2:18-cv-00594-JAD-NJK |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | (Docket Nos. 16, 17) |
| NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br>Defendant. | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. The Court has considered Plaintiff's motion for reversal and/or remand, the Commissioner's countermotion to affirm, and the Commissioner's response to Plaintiff's motion. Docket Nos. 16, 17, 18. No reply was filed. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.   STANDARDS**

   A.   <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in

1

controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before the Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which

the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

B.  Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that she can make a finding of disability or nondisability, a determination will be made, and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 416.920(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 416.920(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 416.972(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to

work. 20 C.F.R. § 416.921; Social Security Rulings ("SSRs") 85-28 and 16-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.920(d), 416.925, 416.926. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 416.909), then a finding of disabled is made. 20 C.F.R. § 416.920(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 416.920(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. SSR 96-8p. In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929; SSR 16-3p. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927.

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 416.920(f). PRW

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 416.960(b), 416.965. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.  BACKGROUND**

    A.  Procedural History

On December 20, 2013, Plaintiff protectively applied for disability insurance benefits and supplemental security income, alleging a disability onset date of July 1, 2013. Administrative Record ("A.R.") 204-219. Plaintiff's claims were denied initially on June 23, 2014, and upon reconsideration on February 19, 2015. A.R. 132-135, 142-144. On February 26, 2015, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A.R. 145-46. On April 11, 2016, Plaintiff, Plaintiff's attorney, and a vocational expert appeared for a hearing before ALJ Cynthia Hoover. A.R. 42-71. On June 17, 2016, the ALJ issued an unfavorable decision finding that Plaintiff has not been under a disability from July 1, 2013, through the date of decision. A.R. 25-37. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on September 29, 2016. A.R. 1-7. On March 30,

2018, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

. . .

. . .

B.  The ALJ's Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. 404.1520 and issued an unfavorable decision on June 17, 2016. A.R. 25-37. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since July 1, 2013. A.R. 27. At step two, the ALJ found that Plaintiff has the following medically determinable impairments: degenerative joint disease of the knees bilaterally; affective disorder; anxiety disorder; and substance addiction disorder. A.R. 27.

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1. A.R. 28. The ALJ found that Plaintiff has the residual functional capacity to perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c), except that Plaintiff can have occasional contact with the public in brief, non-intensive encounters, and would need assistance traveling to unfamiliar places. A.R. 30. At step four, the ALJ found that Plaintiff is unable to perform past relevant work. A.R. 34. At step five, the ALJ determined that Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A.R. 35. Therefore, the ALJ found that Plaintiff was not under a disability from July 1, 2013 through the date of the decision. A.R. 36.

**III.   ANALYSIS AND FINDINGS**

On motion for reversal and/or remand, Plaintiff argues that the ALJ failed to articulate specific and legitimate reason for rejecting Plaintiff's testimony. Docket No. 16 at 5-14. Plaintiff contends that the ALJ erred first by using "boilerplate" language in describing Plaintiff's testimony as "not credible" and second by failing to specifically identify clear and convincing reasons for rejecting Plaintiff's credibility. Docket No. 16 at 5-10. Plaintiff also alleges that the ALJ

6

incorrectly assessed Plaintiff's limitations and failed to identify any clear and convincing reasons for disbelief regarding Plaintiff's level of limitation. Docket No. 16 at 10-13.

In response, the Commissioner first submits that Plaintiff's objection to the ALJ's language is structural, not substantive. Docket No. 18 at 4. Second, the Commissioner submits that substantial evidence supports the ALJ's assessment of Plaintiff's subjective statements. Docket No.18 at 3. The Commissioner submits that the ALJ did not reject all of Plaintiff's claims but rather, found that Plaintiff could perform a reduced range of medium work. Docket No. 18 at 3. Finally, the Commissioner submits that the ALJ properly considered objective medical evidence and Plaintiff's activities in assessing Plaintiff's statements, and reasonably found Plaintiff's daily activities inconsistent with her claims. *Id.* at 6-8.

### A. Boilerplate Language

The Ninth Circuit, and numerous district courts within the Ninth Circuit, have rejected claims that the use of "boilerplate" language is a reversible error. *Laborin v. Berryhill,* 867 F.3d 1151, 1154 (9th Cir. 2017); *see also Vaupell v. Comm'r Soc. Sec.,* No. 13-cv-74-KJM, 2014 WL 977516, at *6 (E.D. Cal. Mar. 12, 2014) (rejecting challenge to "template language" when the ALJ found that the claimant's testimony was not consistent with the medical evidence). Therefore, the Court rejects Plaintiff's suggestion that the ALJ's description of the testimony as "not credible" is 'wholly insufficient.'" Docket No. 16 at 8.

### B. Plaintiff's Credibility

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Lingerfelter v. Astrue,* 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to induce the pain. *Id.* Once a claimant establishes an underlying impairment, the ALJ must then evaluate whether the statements about the severity of the symptoms are consistent with (1) the objective medical evidence; and (2) the other evidence in the record. 20 C.F.R. § 404.1529(c)(2)-(3).

Here, the ALJ found that Plaintiff's underlying medically determinable impairments could reasonably be expected to cause the alleged symptoms. A.R. 31. However, the ALJ found that

Plaintiff's statements concerning the intensity, persistence and limited effects of the symptoms were not consistent with the medical evidence and other evidence in the record. *Id*.

An ALJ is required to make findings as to the veracity of the claimant's subjective statements. *Thomas v. Barnhart*, 278 F.3d 947, 958-9 (9th Cir. 2009). The ALJ's assessment of the subjective claims must be properly supported by the record and sufficiently ensure a reviewing court that the ALJ did not arbitrarily dismiss a claimant's subjective testimony. *Id.* In weighing credibility, the ALJ may consider numerous factors including duration, frequency, intensity of pain, medication, and "ordinary techniques of credibility evaluation." *Bunnell,* 947 F.2d at 346. The ALJ may also consider, among other things, discrepancies in a claimant's statements, exaggerated complaints, inconsistencies between a claimant's statements and activities. *Thomas*, 278 F.3d at 958.

In this case, the ALJ provides several reasons for concluding that Plaintiff's statements concerning the intensity, persistence and effects of the symptoms were inconsistent with the evidence provided. A.R. 31. First, with respect to duration, the ALJ notes that the treatment records do not support Plaintiff's alleged onset date. A.R. 31, 411. Second, the ALJ cites a July 2015 discrepancy where Plaintiff sought treatment for left knee pain and swelling, but X-rays revealed a small suprapellar effusion and Plaintiff was diagnosed with a knee sprain. A.R. 31, 11-417. Third, the ALJ points to a January 2016 episode where Plaintiff sought treatment for right knee pain and reported a history of degenerative joint disease, but an examination found Plaintiff had normal range of motion and strength. A.R. 31, 406-408. While Plaintiff's statements cannot be rejected solely on the grounds they are not fully corroborated by objective medical evidence, the medical evidence is a relevant factor in determining the severity of the pain and disabling effects. *Rollins v. Massanari,* 261 F.3d 853, 857 (9th Cir. 2001). An ALJ may make specific findings justifying a decision to disbelieve an allegation when those findings are supported by evidence in the record. *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (citing to *Fair v. Bowen*, 885 F.2d 597 (9th Cir. 1989).

Finally, the ALJ also points to inconsistencies between Plaintiff's activity level and her statements. A.R. 31. While having some ability to perform sporadic work is insufficient to be

entirely inconsistent with disability, the ALJ may properly discredit a claimant's testimony when the claimant reports engaging in everyday activities which could translate to a work setting. *See Lester v. Chater,* 81 F.3d 821, 833 (9th Cir. 2014); *Molina v. Astrue,* 674 F.3d 1104, 1112-12 (9th Cir. 2012). Here, the record illustrates Plaintiff engaged in cooking and caring for her grandchildren and the elderly, walking a dog, going shopping, washing dishes, and cleaning the house. A.R. 29, 34, 57, 236, 265, 365. The ALJ also notes that in July 2015 Plaintiff, despite alleging significant limitations due to joint disease in her knees, sought treatment for hurting her back while lifting a family member, which indicates the degenerative joint disease was not as severe as alleged. A.R. 34, 420.

For these reasons, the undersigned concludes that the ALJ's determination that Plaintiff's statements were not consistent with the medical evidence and other evidence in the record is supported by substantial evidence and, therefore, that she did not err in finding that Plaintiff is not disabled.

## IV. CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's motion for reversal and/or remand (Docket No. 16) be **DENIED** and that the Commissioner's cross-motion to affirm (Docket No. 17) be **GRANTED**.

Dated: October 1, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.**

1 | The Supreme Court has held that the courts of appeal may determine that an appeal has been
2 | waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S.
3 | 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified
4 | time and (2) failure to properly address and brief the objectionable issues waives the right to appeal
5 | the District Court's order and/or appeal factual issues from the order of the District Court.
6 | *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708
7 | F.2d 452, 454 (9th Cir. 1983).